Good morning, your honor. May it please the court. My name is attorney Ryan Cashman and I'm here on behalf of the appellants. This case is primarily about statutory interpretation. The primary statute at issue is the Civil Asset Forfeiture Reform Act or CAFRA for short. What is critical in this case is whether or not notice was required under section 983 for a judicial civil forfeiture proceeding. It is our contention that the statute plainly states that notice was required even though this was a civil forfeiture proceeding. And what I direct the court to is the words in the statute which specifically say in no case more than 60 days after the date of seizure. Our contention is that the word in no case means that regardless of whether or not it is a non-judicial civil forfeiture proceeding or a judicial civil forfeiture proceeding. It depends on whether case means case or means instance. Your honor, I think even if it means instance, it does not accurately change it into, it does not support the contention that it doesn't, it doesn't exist. Well, I think it would because you have the earlier reference to non-judicial civil forfeiture proceedings. So that sets the universe that you're dealing with. And then if you read that as in no instance, then, you know, it's an instance within that universe. If it means case as in case, then you have some argument. I'm not sure it's a good argument or a winning argument, but you have some argument that it means no case. But if you read it as instance, which is I think the more plausible reading, then I don't see how it can support your interpretation. Your honor, the reason why instance wouldn't work as modifying a time-based matter, because the problem is the statute has two different times in it. It has as soon as possible and it also has the 60-day time limit. When you consider it as an instance, an instance is not a time-based modifier. It would be not later than or some type of word that talks about time. Instance would refer to the circumstances, whether it is a non-judicial forfeiture proceeding or if it's a judicial forfeiture proceeding. But more to the point, your honor, what you pointed to is that there are two plausible interpretations. And under this court's precedent in the Ritchie case, it said that judicial forfeiture statutes must be construed against the government. So the mere fact that there are two plausible interpretations, which I didn't say plausible. I just said that two interpretations. I didn't say they were both plausible. You read the word plausible in there. I think your interpretation is implausible, but it's possible. I mean, it's conceivable. I think it's as far as I would go. Your honor, the fact that it is possible, I also believe that it would require the court to construe the statute against the government because forfeiture is disfavored in our judicial system. But be that as it may, there are other instances in the actual statute where when they're modifying time, they specifically use a different phrase. And in those instances, they talk about not later than. And in this case, they are not using the phrase not later than. Moreover, your honor, without giving the word case the specific effect that we are giving, it would render the phrase in the statute as soon as possible as being void and superfluous. It would make it would make that clause be irrelevant. The statute would be would the words would not have any meaning. And as this court knows, it's the duty of this court to give every single word and phrase a specific meaning. And the court cannot construe the statute otherwise, because it would make those words void. Moreover, your honor, we also cited to the Ron pair case. And I would like to point out that in that in that case, the statute was very, very similar to this statute in that it had a comma and the conjunction word. And and the court specifically looked at the grammatical structure of the statute and said, we have to interpret this clause as being statutorily independent. And it's I think that that case and if you look at the statute, it was a bankruptcy statute. It is almost identical to the statute that we have in this case. Moreover, we have the legislative history of the statute, which I think informs the belief that this type of proceeding needs some kind of notice and we have legislative. Why would there need to be notice in the judicial forfeiture context? Because there before the owner of the property can lose title, obviously they're going to get noticed because the government has to actually file a legal action to obtain title. Your honor, I think the answer to that is that when a person's property is taken, they have to be given notice so they can file a return of property motion so that they can actually start the judicial process from this, from the position. So if they if the property is taken, you know, and I assume I can't remember like it's one hundred million dollars here. Yes, your honor. Yeah. You probably don't not notice that for you probably figure that out pretty quickly. Right. And then you have the remedies available under 41 G to get your property back if the government doesn't have any basis for holding on to it. The concern in the administrative forfeiture context with not getting notice is that if a certain amount of time runs, you will lose title. And I can understand why Congress would have been concerned in that context. I'm asking you in the judicial forfeiture context where there's no risk that title will be lost. Why would we care about this giving a formal notice within a set period of time? Well, I think it depends on what would be the context of the actual notice given. If it tells you who is the who is the agency that's holding the property, what are the reasons for holding the property? Then you could properly challenge it as the person whose property has been seized. And I think that is what the government that that is what the statute is implying. It's you give them notice and it should be sufficient notice to give them a basis that they can actually challenge it. If it's being held in a different district, how would you know if it's being held by an agency? For instance, if it's held by the FBI or if it's held by the U.S. Marshals, how would you know who to go to? You presumably go to the bank and say, what happened to my hundred million dollars? And they tell you, well, they got a warrant to seize it. Sorry. And then, you know, well, you are. That would be the case if it was a bank. What if it was something else? Give me another example where the government doesn't have to get any kind of goes. There's no judicial process on the front end. And they just go in and seize property that you would have no notice that they took it. Well, if it was cash or if it was some kind of asset that was movable that they just came and took, then you would have to be given notice and know where it is so that you could probably. And they would presumably have gotten a warrant. Right. And they would leave a return saying we came, took and come find us if you want to. Right. Yes, your honor. But I believe in in this instance, what is what is critical is that the sufficiency of the notice should be enough to give you an opportunity to challenge it. I don't think that sufficient information was given for the basis of challenging it. And I think that the statute, the CFR, I'm sorry, the regulations specifically talk about what type of notices needs to be given. And it includes everything, including who you want to file a petition to or if you want to make a claim. I see that my I see that I only have two minutes left, but I would like to just address this and save some time. I think that the CFRs indicate the type of notice that needs to be given. And in this case, that type of notice was not being given so that it would have been improper. There was an insufficient basis to file any kind of motion for return of property. And with that, I would like to reserve my time for rebuttal. OK, thank you. Thank you. It pleases the court. I am Assistant U.S. Attorney Stephen R. Walk for the government. I don't think it's I don't think the statutory construction issue is really the issue here. It's clear that the that this notice provision in ninety three a one a I applies to nonjudicial forfeiture proceedings. I think the question that the petitioners are asking is and certainly the question that they asked in the district court is, why is it that the attorney asked specifically in the district court? Why is it that claimants are afforded more due process in a with respect to property that's worth less than five hundred thousand dollars than they are with property that's worth more than five hundred thousand dollars? Because one thing that that the Civil Asset Forfeiture Reform Act of 2000 didn't change was the fact that administrative forfeiture proceedings, which are governed entirely by regulation and statute, and are handled entirely by federal agencies without any judicial involvement, are limited to property that's worth five hundred thousand dollars or less. So the idea was what what Congress was attempting to do here was saying, look, we don't want the government to be able to delay indefinitely sending out notice of a ten thousand dollar airport seizure or a five or ten thousand or even a fifty thousand dollar car seizure where someone's driving down the road and they get pulled over by a police officer. Those are situations where there is no judicial involvement at the front end. And in those situations, Congress said, we don't want the government to be able to wait forever until they decide unilaterally when they want to go forward. There's no judicial involvement in that in that situation. So we're going to set firm deadlines that they have to satisfy. That's the 60 day deadline when they're going to commence administrative notice proceedings. This what we have here is one hundred and ten million dollars in bank funds that a seizure warrant was obtained for. So there was judicial involvement from the very beginning. They were advised the day of the seizure by government counsel that we took your money. We here's a copy of the warrant. Here's a copy of the return. And if you want to talk to someone about that, I'm the person you call. And that does not happen when you have an administrative seizure. I'm sorry, with administrative? Yeah. The government counsel doesn't bother to let the target know? Generally not. Generally, whether it's warrantless. If it's warrantless, the U.S. Attorney's Office has no involvement in those types of seizures. Even where a warrant is. I'm sorry. Let's say it's warrantless. Let's say it's a bank account. It's less than $500,000. And they have to, what do they do, use a subpoena? How do they get the money? We would obtain a seizure warrant. It's essentially the same thing as a search warrant, except it allows the government to seize property from a third party. And that would commence the administrative proceeding? What would happen is the money would be seized, taken into the custody, usually of the United States Marshal Service. I'm talking about before that. Before that. Where do you get the warrant? Before we get the warrant, it's sitting in. Where do you get the warrant? From a magistrate judge. So that's no different from a judicial. You said, look, this is so different. This is a judicial forfeiture proceeding. Judges get involved up front. They get notice of the warrant. You're telling us all these things that happened. And I'm trying to figure out how is that different than what happens in non-judicial forfeiture proceedings. The seizure part is essentially the same in many instances. I'm talking about the stuff you were telling us about. Right. You were saying there was involvement, judicial involvement. There was notice and all that. I'm not talking about the actual grabbing of the money. Okay? I'm talking about the stuff you talked about. The distinction I'm drawing is that in this case, where you're taking money out of a bank account, the government always has to get a warrant. I understand. You said that. So I'm saying, okay, how is that different? I'm sorry, they have to get a warrant whether it's judicial or non-judicial. Exactly. So the point you were making doesn't hold. I thought you were saying, oh, this is so different. This is a judicial proceeding. They get so much more notice. But the answer is no, that's not true, right? No, no, no. The point I'm making, though, is that where in many occasions, and, in fact, it may be in the majority of cases, where there are non-judicial forfeiture proceedings commenced, there is not a warrant. Most of those seizures are done without a warrant. They happen during the course of an arrest or they happen maybe at the border. Someone's getting off an airplane at an airport. But that can't happen as to funds in a bank account. That cannot happen to funds in a bank account. That's correct. There has to be something where there's some sort of physical contact with a seized item. There's a car on the road or a boat or somebody's luggage at the airport, you know, something like that, right? Correct, yes. Where it's a bank account, there has to be a warrant. And in those instances, presumably, the person would know that the thing is missing. Correct. It's how they get notice, whereas in a bank account, you know, I mean, I guess if I had $100 million, I'd check it a lot more often than that. But, you know, I don't usually go and check the bank to see, you know, is my money still there. So you have to rely on these other things, the notice, right? So I'm still trying to figure out how they're different, why the statute would be written differently for one and not for the other. The key difference is the value. It's not so much the manner in which the property is taken into custody. It's the value of the property. Or a mere half a million. A mere half a million. I mean, and most of the seizures are not that high, quite frankly. And when they are, I think the more valuable the property is, the more likely it is that I or the agency, usually the agents are going to reach out to the person from whom the property was taken or their counsel, as we did here, and notify them and give them notice. But one of the important reasons is, and here's where we really get into the distinction where this value makes a difference. Where property is worth less than $500,000 and the government commences an administrative forfeiture proceeding under Title 19 and within the meaning of this section, the claimant is actually barred from going to the court and asking for their money back until the administrative proceedings have run their course. So say the money gets seized. Can they participate in the administrative proceedings? I'm sorry? Do they participate in the administrative proceedings? They do. And that's the reason why they cannot go to court, because they have a legal remedy by participating in the administrative proceedings. And do they get notice of those? They get notice within 60 days pursuant to this notice provision. They have 30 days to file a claim. Oh, they get this notice provision. I'm sorry. And what happens when you go to court? Do they get notice of that? First, let me walk through the administrative process, because what happens is they get notice within 60 days. They have 30 days to file an administrative claim, and that's filed with the agency. Once they file that claim, the matter is referred to the U.S. Attorney's Office, and the U.S. Attorney's Office has 90 days from the date the claim was received by the agency to file a civil forfeiture action. And there are penalties if they don't file within that time period or they don't get more time from the court. The claimant can't do anything at the front end to rush that notice provision. So, in other words, if their money is taken, they can't go in a week later into the district court and say, I want my money back because the answer to that is it's going to be an administrative forfeiture proceedings. You have a legal remedy. You have to wait. They can file their claim right away, but they still have to wait 90 days, up to 90 days for the government to make a decision on whether they're going to file a claim or not. That's how that process works. Where property cannot go administratively, which is the case here, when you seize $110 million, there are not those restrictions. Those claimants have access to the courts immediately if they want it. They can go in right away with a motion for return of property and ask the court to get involved and determine whether that property should be given back or whether the government should be compelled to file a complaint right away. In that sense, the petitioners are entitled to court to have judicial involvement at a much earlier stage than they are in this setting that's dealt with here in 983A3AI, where it's an administrative proceeding. So they have many more due process rights. And, in fact, the petitioners here eventually, they waited seven months to do it, but they ultimately exercised those rights. They did go into the district court, file a motion for return of property. I think it was procedurally improper the way they did it, but they got the rights that they were entitled to because Judge Wright treated it as a motion for return of property when he determined it. So they certainly got timely notice. They had notice within a day on the first seizures, and they had notice within eight days on the second seizure. They certainly knew who to talk to because the government counsel that was responsible for the seizures actually spoke with their lawyers as soon as he confirmed who they were. And there were numerous discussions as is reflected in the report. The government doesn't have to file anything? It seizes the money, right? Right. Does it have to file a complaint or a forfeiture complaint or something like that? Ultimately, they have to file a complaint. That's the only reason. They have to initiate some sort of decision. But there's no time limit on that. There's no time limit in the statute, but there is a time limit. When Congress passed CAFRA back in 2000, it sought to fix things that people had identified as problems with the statutory scheme. But there were certain things that it left alone because it said that didn't need to be fixed. And one of those things was what we're talking about right here, and that is this question of delay when you have property that's valued at more than $500,000. And in 1983, the Supreme Court in U.S. v. 8,850 said, here's a four-pronged test that we're going to look at to determine whether a delay has been unreasonable. This court in U.S. v. 874,938, which is a 1993 case, dealt with this very issue and said, what are we going to look at when the petitioner said that there's been too long a delay? This was seven years before CAFRA, so they weren't talking about Section 983. But what they were saying is, these are these four factors we're going to look at. We're going to look at the reason for the delay, the length of the delay, the claimant's assertion of his rights, and the prejudice caused by the delay. And there is that test. The Supreme Court established it in 1983. This court certainly confirmed it in 1993. And Congress decided when it passed CAFRA, that is something we don't have to deal with. We want to leave petitioners with the right to go into court right away, and there's a test in place to be applied to determine whether the delay is unreasonable. Can I ask you just one question? I know you're over, but in a Rule 41G return of property proceeding, what's the scope of the issues that a property owner can raise there versus what they'd be able to raise if you were forced to file the actual judicial forfeiture proceeding? I don't think there's any difference at all. And in a practical sense, what happens is generally when a Rule 41G motion is filed, the result of that is usually that the government will commence a judicial forfeiture case or will return the property. And that didn't happen here because the criminal investigation was ongoing? And it continues to be ongoing. And I do realize I'm over time. Just one last point I wanted to make. The petitioners did ultimately submit something that they characterized as an administrative claim. They wanted to trigger that 90-day filing deadline. And in response to that, in compliance with Department of Justice policy, the government has since that time been obtaining, we've explained to the district court that we don't think there is a real deadline. But to the extent there is one, we've asked for extensions. And those are still in place right now. So there is judicial oversight of this case right now going forward. Okay, thank you. You have a little time left over, I think. Very briefly, I think if you listen to the government's position in this case, it's kind of unbelievable. It's stating that they can take money that's more than $500,000 and not give any notice, and that's okay, and you have more rights without being given notice. The bedrock principle of our constitutional system is notice. And I think the reason why CAFRA was instituted is to start the forfeiture proceedings because Congress knows that taking people's money and without giving them an opportunity to be heard or giving them notice is unfair. There was a seizure warrant here, right? Yes, Your Honor, there was a seizure warrant. And your clients never found out about it? Your Honor, they did get a copy. The attorneys did get a copy of it, but that is not sufficient notice under the regulations, just a copy of the seizure warrant. What I pointed to in our brief is 28 CFR Section 9.4, which talks about the title of notice. Is this a yes? I'm sorry, Your Honor? I asked a question, and you went on and on. The answer is your clients got notice. They got a copy of the seizure warrant, yes, Your Honor. Well, okay, I'm not sure what you're saying there. You mean they got a copy of it, but it was not legible? Or they got a copy and they didn't bother to read it? Or you think they needed to have somebody come in and read it to them out loud so they get notice? I mean, did they get notice or not? Did they get notice? Your Honor, the question of notice is a factual question, and I don't think sufficient notice was given in this case. I see. But you agree that the lawyers got a copy of the warrant? According to the attorneys. Okay. We'll try to figure out whether that amounts to notice, but you agree to that fact? That the attorneys got a copy. Certain attorneys with certain types of representations did get a copy of the warrant. These are factual issues that couldn't be addressed on a motion to dismiss, Your Honor, and I think it was beyond the scope of the motion to dismiss. That's why it would be improper to – because the attorneys that got it may not have been the appropriate attorneys for the representations of certain entities that were holding the money, Your Honor. I'm sorry. These are attorneys holding the money or owning the money? You said holding the money. I thought those were banks. Your Honor, I apologize. There are various entities and individuals that have interest in the banks, in the bank accounts. And they don't talk to each other? They don't say, hey, we got a warrant, somebody took our money? They just keep it a secret? Your Honor, I believe the question is – I mean, you were complaining about notice. You know, the fundamental aspect of our system is that people get notice. You don't do things behind their back. I'm just trying to figure out whether, you know, that's just sort of a catchphrase or whether you really meant, oh, well, we didn't know. You know, we had no clue. And I think it's not the latter. I think it's more like, well, we can hide our heads in the sand and not get notice. No, Your Honor, I don't believe that's the case. I believe that if appropriate notice was given, more action could have been taken. Okay. Thank you. Thank you. Thank you. Just as I argued with counsel minutes.
judges: Kozinski, Watford, Bennett